# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RICARDO DEANDA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:08-CV-1362-VEH |
| | ) |
| **2 PESOS MEXICAN CAFÉ, INC.,** | ) |
| **CARLOS MEDINA,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff's Motion for Entry of Default and Entry of Default Judgment (Doc. 5) against the Defendants. The Defendants have been placed on notice of the default proceedings against them, but they have not availed themselves of the opportunity to be heard in opposition to the Plaintiff's request. For the reasons discussed in this Memorandum Opinion, the pending Motion is due to be **GRANTED**.

**I.     BACKGROUND**

On July 30, 2008, the Plaintiff, Ricardo Deanda ("Deanda") filed his Complaint (Doc. 1) against the Defendants, 2 Pesos Mexican Café, Inc. ("2 Pesos") and Carlos Medina ("Medina") in this Court. The Complaint alleged that Deanda was an

employee of the Defendants, who operated the restaurant at which Deanda worked as a server. (Compl., ¶¶ 8-9.) During his tenure as the Defendants' employee, Deanda received a wage of $100.00 per week, plus tips. (Compl., ¶ 10.) Deanda avers that he was paid below the minimum wage for servers in the State of Alabama. (Compl., ¶ 11.) Additionally, Deanda avers that the Defendants willfully failed to comply with the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C.. §§ 201-219 (2000). (Compl., ¶ 12.) By engaging in this conduct, the Defendants violated 29 U.S.C. § 207 by failing to pay overtime wages to Deanda, and the Defendants violated 29 U.S.C.. § 206 by failing to pay Deanda the appropriate minimum wage. (Compl., ¶¶ 12-19.)

Deanda served the Defendants via certified mail, and a Summons was returned executed on both Defendants on July 31, 2008. (Docs. 3-4.) The Defendants failed to file an answer or otherwise defend themselves by the August 20, 2008, deadline, and on September 3, 2008, Deanda filed the instant motion, which combined both a motion for entry of default and motion for default judgment. (Doc. 5.) This motion was also supported by evidentiary material that documents the hours worked by Deanda and the hours expended by his attorney in the case. (Doc. 5, Exs. 1-3.) The clerk made an Entry of Default on September 4, 2008. (Doc. 6.) On September 5, 2008, this Court issued an Order to Show Cause Why a Default Judgment Should Not

Be Entered. (Doc. 7.) Defendants were ordered to provide an explanation for their failure to respond by September 25, 2008. *Id.* Defendants have failed to file any response to the Court's Order.

## II. ANALYSIS

### A. Legal Basis for Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). However, entry of default under Rule 55(a) does not entitle a party to his requested relief. Either the clerk or the Court must enter a default judgment under Rule 55(b). Here, the Court, and not the clerk, acts pursuant to Rule 55(b)(2).

The clerk's entry of default does not automatically entitle Deanda to judgment. "There must be a sufficient basis in the pleadings for the judgment entered. The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short, a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." *E Beats Music v. Andrews*, 433 F. Supp. 2d 1322, 1325 (M.D. Ga.2006) (citing *DIRECTV, Inc. v. Huynh*, 318 F.Supp.2d 1122, 1127 (M.D. Ala. 2004); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*,

3

515 F.2d 1200, 1206 (5th Cir.1975)[1]; *Bruce v. Wal-Mart Stores, Inc.*, 699 F. Supp. 905, 906 (N.D.Ga.1988); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 3688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.")).

Judge William H. Steele of the Southern District of Alabama has provided a helpful and succinct summary of the applicable standards for a court to apply when addressing a pending motion for default judgment.

> Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead merely "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1357 (S.D. Ga.2004); *see also Descent v. Kolitsidas*, 396 F.Supp.2d 1315, 1316 (M.D.Fla.2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F.Supp.2d 1355, 1359 (M.D.Fla.2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n. 41 (11th Cir.1997).

---

[1] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

4

*Virgin Records America, Inc. v. Lacey*, 510 F. Supp. 2d 588, 591-592 (S.D. Ala. 2007). Thus, the legal effect of the Defendants' default is that the facts averred by the Plaintiff in the complaint are deemed admitted. *See Nishimatsu Const. Co.* 515 F.2d at 1206 ("[D]efendant, by his default, admits the plaintiff's well-pleaded allegations of fact."); *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir.1997) (explaining that "when a default judgment has been entered, facts alleged in the complaint . . . may not be contested by the defaulted party"). Accordingly, the Court looks to the factual bases in the Complaint to determine whether they state a claim that entitles Deanda to relief.

Upon reviewing the Complaint, the Court concludes that there is a legal basis for relief with respect to both Medina and 2 Pesos. Deanda's complaint consists of two counts, both of which arise under the Fair Labor Standards Act. Thus, the first question is whether the Act applies to each of the Defendants.

Deanda avers that each Defendant acted as an "employer" within the meaning of the Fair Labor Standards Act. (Compl., Doc. 1, ¶¶ 5-6); *see* 29 U.S.C. § 203(d) ("'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee."); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 1981) (finding that an individual may be subject to the FLSA if they act "in the interest of an employer in relation to an employee"). Whether a person is an

"employer" under the FLSA is a question of law. *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986). Because the facts averred in the Complaint (admitted as a result of the Defendants' default) establish that the Defendants "operate" a restaurant, the Court finds that both Defendants are "employers" under the FLSA. (Doc. 1, ¶ 7.) Through his job as a server, Deanda acted as an "employee" within the meaning of the Fair Labor Standards Act. (Compl., ¶ 9); *see* 29 U.S.C. § 203(e)(1). Also, by operating a restaurant (Compl., ¶ 7), the Defendants engaged in "commerce" within the meaning of 29 U.S.C. § 203(s)(1). Therefore, the Fair Labor Standards Act, on its face, applies to the Defendants. The Court now turns to the sufficiency of each count alleged under the FLSA.

According to Count I, the Defendants violated 29 U.S.C. § 207 by willfully failing to compensate Deanda for the hours he worked in excess of forty hours per week. Specifically, Deanda consistently worked more than fifty hours per week and was not compensated for overtime, but was paid only $100.00 per week, his standard weekly rate, regardless of the number of hours he worked. (Compl., ¶ 11.) Plainly, these facts, which are deemed admitted, state a claim for violation of the FLSA's overtime provisions, since Deanda did not receive "a rate not less than one and one-half times the regular rate at which he is employed" for his additional hours. 29 U.S.C. § 207(a)(1). Therefore, the liability of both Defendants is established under

Count I of the Complaint.

Turning to Count II, the Court finds that Deanda states a claim under 29 U.S.C. § 206 for violation of the FLSA's minimum wage provision. "Under the FLSA, employers of tipped employees (i.e., those who customarily and regularly receive more than $30 a month in tips) may consider such tips as part of their wages, but employers must pay a direct wage of at least $2.13 per hour if they claim a 'tip credit.' The difference between the amount an employee must be paid under the minimum wage law and the amount directly paid to a tipped employee is commonly referred to as a 'tip credit.'" *Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1347 (S.D. Fla. 2008) (citing 29 U.S.C. § 203(t)). "The difference between the amount an employee must be paid under the minimum wage law and the amount directly paid to a tipped employee is commonly referred to as a 'tip credit.' *See* 29 U.S.C. § 203(m); 29 C.F.R. § 531.51. The tip credit is not an exemption; instead, it is set forth in the definition of the required minimum wage." *Pellon v. Business Representation Intern., Inc.*, 528 F.Supp.2d 1306, 1309-1310 (S.D. Fla. 2007). Deanda inferentially avers that the "tip credit" applies to him, since he states that he is only due $2.13 as a minimum wage. (Compl., ¶ 11.)

Given that Deanda alleges that he worked more than fifty hours per week and received only $100 in wages, his allegations can support a claim for violation of the

FLSA's minimum wage provision since, even without overtime, Deanda would be due to receive at least $106.50 if he worked fifty hours in a week (without overtime compensation).[2]  Therefore, Deanda states a claim for violation of 29 U.S.C. § 206 in Count II of his Complaint.

Since the facts alleged in the Complaint are sufficient to establish the Defendants' liability under both counts of the Complaint, and because the Defendants have made no attempt to defend this action since it was initiated, the court now turns to Deanda's requested remedies, which consist of damages, attorney's fees, and costs.

### B. Remedies

"While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records*, 510 F. Supp. 2d at 593(citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir.2003) (finding that federal law requires judicial determination of damages absent factual basis in record); *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999) ("Even where default judgment is warranted based on failure to defend, allegations in complaint with

---

[2] 50 x $2.13 = $106.50

8

respect to damages are not deemed true, and district court must conduct inquiry in order to ascertain damages with reasonable certainty."); *Patray v. Northwest Pub., Inc.*, 931 F. Supp. 865, 869-70 (S.D. Ga.1996) (explaining that it is proper exercise of judicial power for court upon default to take evidence, fix amount which prevailing party should recover, and then give judgment).

The court may make its determination as to the appropriate remedy with or without a hearing. Addressing this issue in another case, Judge Steele again provides this Court with a helpful framework, writing:

> [T]here is no requirement that a hearing be conducted in all default judgment proceedings to fix the appropriate level of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005) (explaining that evidentiary hearing is not per se requirement for entry of default judgment, and may be omitted if all essential evidence is already of record). Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. *See, e.g., Chudasama*, 123 F.3d at 1364 n. 27 (judicial determination of damages is unnecessary where claim is for sum certain or for sum which can by computation be made certain); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979) (award of statutory damages was improper "without a hearing or a demonstration by detailed affidavits establishing the necessary facts"); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-64 (1st Cir.2002) (district court did not abuse discretion, based on record before it, in declining to hold hearing before awarding statutory damages); *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir.1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C.2001) (although

> court must make independent determination of the sum to be awarded, court need not hold a hearing, but may rely on detailed affidavits or documentary evidence); *United States v. Cabrera-Diaz*, 106 F. Supp. 2d 234, 243 (D.P.R.2000) (similar).

*Atlantic Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024-1025 (S.D. Ala. 2007); *see also DLJ Mortg. Capital, Inc. v. Sunset Direct Lending, LLC*, No. 07-CV-1418-HB, 2008 WL 4489786 at *4 (S.D.N.Y. October 6, 2008) ("A court may determine the appropriate damages on the basis of affidavits and other documentary evidence, 'as long as [the court has] ensured that there [is] a basis for the damages specified in the default judgment.'") (quoting *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  In the current case, a hearing is not necessary, because Deanda provided the Court with sufficient affidavits and documentary evidence to support his requests for relief.

     1.    <u>Statutory Damages</u>

Deanda requests damages in the amount of "all amounts of overtime wages that Plaintiff should have received under the Fair Labor Standards Act but for Defendants' willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b)." (Compl., Prayer for Relief). In relevant part, 29 U.S.C. § 216(b) states: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid

overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Given this standard, the court looks to the record provided by Deanda to determine the damages.

As stated previously, Deanda's claim for statutory damages must be supported by the record, since in a default judgment proceeding, "[d]amages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movemant Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (quoting *United Artists Corp. v. Freeman*, 605 F. 2d 854, 857 (5th Cir. 1979)).

Here, Deanda's counsel, Robert Barber, provides this Court with a detailed affidavit that estimates Deanda's hours at 54 hours per week over a period of 19 weeks. As neither Defendant has made an appearance in this Court to provide employment records detailing the hours Deanda worked, the court relies on the estimates provided in the affidavit, since they permit the court to determine the hours worked through "just and reasonable inference." *See Brock v. Norman's Country Market, Inc.*, 835 F.2d 823, 828 (11th Cir. 1988) ("It is firmly established where an employer has not kept adequate records of their employee's wages and hours as required by the FLSA, the employees will not be denied a recovery of back wages on the ground that their uncompensated work cannot be precisely determined.") (citing

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687(1946); *Olson v. Superior Pontiac*, 765 F.2d 1570, 1578 (11th Cir.1985); *Donovan v. Grantham*, 690 F.2d 453, 458 (5th Cir.1982); *Donovan v. Hamm's Drive-Inn*, 661 F.2d 316, 318 (5th Cir.1981)).

According to the affidavit, Deanda's employment was for a period of one hundred and seventeen (117) weeks, from May, 2006 through July, 2008. (Doc. 5, Exs. 1, ¶ 5; 2 at 1-4). Pursuant to 29 U.S.C. § 216(b), Deanda is due to recover the amount between his actual wage and the wages he should have received under the FLSA. Accepting Deanda's allegation that he worked an average of fifty four (54) hours per week over the course of his employment as true, he would have been due to receive a wage of $85.20 in a forty hour work week based on the statutory minimum wage of $2.13 for a tipped employee. His additional fourteen(14) hours would be paid at an overtime rate, amounting to $44.73 per week in overtime.[3] Adding these two figures together, Deanda was due to receive a minimum of $129.93 per week in compensation. Thus, given his $100.00 per week wage, Deanda was undercompensated in an amount totaling $29.93 per week. Multiplied by the one hundred and seventeen (117) weeks that Deanda was employed by the Defendants, Deanda is due $3,501.81 under the FLSA for minimum wage and overtime benefits

---

[3] $2.13 x 1.5 x 14 = $44.73

12


combined.

Additionally, under the FLSA, Deanda is entitled to have this amount doubled, since "[a]ny employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages" 29 U.S.C. § 216(b).[4] Thus, Deanda is due a sum of $7,003.62 as his total statutory damages due under the FLSA.

2. Attorney's Fees

Deanda's counsel seeks $3,450.00 in attorney's fees. The FLSA authorizes an award of attorney's fees under 29 U.S.C. § 216(b), which states, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." This provision has been interpreted to mean that "fee awards [are] mandatory for

---

[4] Ordinarily, the Defendants would have the opportunity to mount a "good faith" defense under 29 U.S.C. § 260, which would allow the court to have discretion in awarding liquidated damages. The employer bears the burden of establishing this defense. *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991). Having made no such effort, this Court lacks such discretion, and, in any event, since the admitted facts establish that the violations were willful (*see* Compl., ¶¶ 12-13), a finding of good faith would be inconsistent with willfulness. *See Alvarez Prez v. Sanford-Orland Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008) (holding that a willfulness finding by a jury "precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question.").

prevailing plaintiffs." *Kreager v. Soloman & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees to the prevailing plaintiff in FLSA cases.").

An award of attorney's fees award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984). "This 'lodestar' may then be adjusted for the results obtained. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1302 (11th Cir.1988)). "Although a district court has wide discretion in performing these calculations, '[t]he court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.'" *Id.* (quoting *Norman*, 836 F.2d at 1304). The Eleventh Circuit has applied this method in the FLSA context, incorporating the factors used in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974). *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543-1544 (11th Cir. 1985); *Jones v. Central Soya Co., Inc.*, 748 F.2d 586, 591 (11th cir. 1984) (applying lodestar method under Section 216 in an ADEA case). Accordingly, the court will analyze the application for attorney's fees using the lodestar method.

      a.    *Reasonable hourly rate*

To determine a reasonable hourly rate, the court looks to the attorney's skill, experience and reputation. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).[5] Also, the "party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). Typically, "[s]atisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger*, 10 F.3d at 781 ("A court, however, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.");

---

[5] In determining this amount, the Court may consider the twelve *Johnson* factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1305, n. 8 (S.D. Fla. 2008) (citing *Schafler v. Fairway Park*, 147 Fed. Appx. 113 (11th Cir. 2005); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

*see also Swisher v. The Finishing Line, Inc.*, No. 6:07-CV-1542-Orl-28UAM, 2008 WL 4330318 at *6 (M.D. Fla. Sep. 22, 2008) (citing *Loranger* and *Norman* when the movant for attorney's fees in an FLSA case did not provide enough information for the court to establish whether the rate was reasonable and on its own initiative, comparing requested rate to rates awarded in other similar cases in the jurisdiction, including those in which the attorney had participated).

Deanda's counsel has not provided the court with any evidence other than his affidavit to establish that the requested fee is reasonable. (Doc. 5, Ex. 1). This affidavit lists an hourly rate for each task completed in preparing this case and assigns a rate of $200.00 per hour.[6] While this evidence in itself fails to meet the burden of establishing the reasonableness of the fees, the court's own research has established that the requested rate is indeed a reasonable one. Recent cases in this district have concluded that an hourly rate greater than $200.00 is a reasonable rate when faced with similar circumstances. *See, e.g.*, *Heaps v. Parker Oil Co.*, No. CV-06-S-4637-NE at 3 (N.D. Ala. Sept. 25, 2008) (finding that $250.00 rate was reasonable as to work performed in an uncontested FLSA proceeding); *see also Swisher*, 2008 WL

---

[6] Curiously, Deanda's counsel filed another almost identical FLSA claim in a case currently pending before this court. *See Morales v. China Chef II*, No. 08-CV-1619-VEH. In this case involving a single defendant in default, Deanda's counsel seeks a rate of $225.00 per hour. (Doc. 5, Ex. 1, ¶ 11). Since counsel has suggested a lesser number here, the Court accepts the smaller figure.

16

4330318 at *6 (finding that a rate of $250.00 per hour was reasonable in the Orlando market in a similar FLSA case).  Additionally, this case presents fairly routine issues arising under the FLSA with a single plaintiff, and Deanda's counsel has substantial experience in litigating FLSA cases.  *See, e.g.*, *Rivera v. Demetris Bar B Que, Inc.*, No. 2:08-CV-00483-JHH; *Arrellano v. Bento Japanese Restaurant II, et al*, No. 2:07-CV-0119-WMA; *Garcia v. Fulton, et al*, No. 2:07-CV–1466-IPJ; *Manriquez v. Lone Star Steakhouse and Saloon, Inc.*, No. 2:07-CV-01120-WMA; *Turcio v. Express Maids*, No. 2:07-CV-02156-IPJ.  Thus, considering that the rate is in line with the rate awarded in previous cases, the complexity of the matter, and the experience of the attorney, the Court finds that the requested hourly rate is a reasonable one.

          b.      *Reasonable Number of Hours*

Deanda's counsel avers that he worked 15.25 hours in the course of pursuing Deanda's case.  (Doc. 5, Ex. 1, ¶ 9).  The Court finds that this figure represents a reasonable expenditure of time for such a matter, given that during this time Deanda's counsel opened the file, interviewed Deanda, drafted and filed the Complaint, filed for default, gathered evidence proving damages, and closed the file.

Accordingly, the total number of reasonable hours spent by counsel on this case is 15.25 hours. Multiplied by the reasonable hourly rate of $200.00 per hour, the total of attorney's fees is $3050.00.

3.      Costs

Finally, the Court turns to Plaintiff's requests for costs.  Deanda seeks costs totaling $400.00.  (Doc. 5, Ex. 1, ¶ 9).  These costs consist of a $350.00 filing fee and a $50.00 default fee.  The Court finds that Deanda is due to be awarded these reasonable costs.

**III.   CONCLUSION**

Therefore, for the reasons discussed in this Memorandum Opinion, Deanda's Motion for Default Judgment is due to be **GRANTED**.  Deanda has successfully established that the Defendants are liable under both Counts, and therefore **JUDGMENT** is due to be entered against 2 Pesos and Medina.  Defendants are jointly and severally liable for the entire amount awarded to Deanda.  *Dowell v. Kidz R 4 Uz, Inc.*, No.  2008 WL 4613049 at *2, n. 1 (M.D. Fla. 2008) (noting that "the FLSA imposes joint and several liability upon 'employers' as defined by the statute") (citing *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986)).  Totaling his statutory damages, attorney's fees and costs, Deanda is entitled to be awarded a sum of $10,453.62.  An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this the 4th day of November, 2008.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge